# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**PLEX, INC.**<br><br>          **Defendant.** | **CIVIL ACTION NO. 5:23-cv-4773**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this complaint against Plex, Inc. ("Defendant") for infringement of U.S. Patent No. 8,856,221 (hereinafter the "221 Patent") and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant Plex, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 449 North Santa Cruz Avenue, Los Gatos, California 95030, and can be served via its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, or wherever Defendant, or its registered agent and its authorized employees, officers, directors, and/or managers, may be found.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District.

6. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District.

## PATENT-IN-SUIT

7. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 8,856,221 (hereinafter "the '221 Patent"). The '221 Patent is attached as Exhibit A.

8. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

9. Plaintiff possesses all rights of recovery under the '221 Patent, including the exclusive right to recover for past, present and future infringement.

10. The inventor of the '221 Patent, Mr. Leigh M. Rothschild, was Chairman and Chief Executive Officer of IntraCorp Entertainment, Inc., a consumer software company with worldwide product distribution. From October 1998 through February 2004, Mr. Rothschild was also Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless company that was the leader and early creator of connecting symbology, such as barcodes, to the Internet.

11. Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States under former President George H.W. Bush, and

has also served as an advisor for former President Ronald Reagan. Mr. Rothschild served Governors on technology boards, served as a special advisor to then Florida Secretary of Commerce John Ellis "Jeb" Bush, and served on the IT Florida Technology Board as an appointee of former Governor John Ellis "Jeb" Bush.

12. Mr. Rothschild chairs the Rothschild Family Foundation, which endows outstanding charities and institutions around the world.

13. The '221 Patent contains thirteen claims including two independent claims (claims 1 and 7) and eleven dependent claims.

14. The priority date of the '221 Patent is at least as early August 29, 2011. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

15. Plaintiff alleges infringement on the part of Defendant of the '221 Patent.

16. The '221 Patent teaches a method and apparatus for media content storage and delivery. See '221 Patent, Abstract. Among other things, the claimed system includes a server, which has a receiver in communication with a processor. *Id.* The receiver receives a request message. *Id.* The request message includes media data indicating requested media content and a consumer device identifier corresponding to a consumer device. Id. The processor determines whether the consumer device identifier corresponds to a registered consumer device. *Id.* If the processor determines that the consumer device identifier corresponds to the registered consumer device, then the processor determines whether the request message is one of a storage request message and a content request message. *Id.* If the request message is the storage request message, then the processor is further configured to determine whether the requested media content is available for storage. *Id.* If the request message is the content request message, then the

processor initiates delivery of the requested media content to the consumer device.

17. As noted, the claims of the '221 Patent have priority date at least as early as August 29, 2011. The present invention solves problems that existed with then-existing media delivery systems. One problem with prior delivery systems is that the customer was charged according to the expenses of the provider rather than the usage of the customer. (Exhibit A, '221 Patent, 1:31-57). Customers were not charged based on the amount of programming delivered or the amount or duration of the customer's storage of media. *Id.* Another such problem, more generally, is that customers were not billed and services were not provided, in a way that was tailored to the customer's needs and usage. *Id.,* 2:3-13.

18. The claims of the '221 Patent overcome deficiencies existing in the art as of the date of invention, and comprise non-conventional approaches that transform the inventions as claimed into substantially more than mere abstract ideas. For example, the inventive system includes a processor in communication with a receiver. *Id.,* 2:23-34. The processor determines media content characteristics that correspond to the media content to be stored. *Id*. The processor determines a length of time to store the media content based on the media data and determines a cost amount based at least in part on the determined media content characteristics and length of time to store the media content. *Id.* As another example, the system makes a determination that media content is available for download. *Id.*, 2:64-3:2. A determination is made that content is not stored. Download of the media content is initiated. *Id.* The media content is received and the received media content is stored. *Id.*

19. The '221 Patent is directed to computerized technologies to provide users with tailored media delivery systems and tailored billing for such systems. Among other things, the '221 Patent claims include sending and receiving of request messages indicating requested media content and including a device identifier corresponding to a consumer device. A determination is made whether the identifier corresponds to the device. A determination is also made as to whether the request is for delivery or storage. The media data in the request includes time data that indicates a length of time for storage. A processor is configured to determine whether requested media exists and whether there are any restrictions associated with delivery or storage of the requested media.

20. The system(s) and methods of the '221 Patent include software and hardware that do not operate in a conventional manner. For example, the software is tailored to provide functionality to perform recited steps and the processor is configured (and/or programmed) to provide functionality recited throughout the claims of the '221 Patent.

21. The '221 Patent solves problems with the art that are rooted in computer technology and that are associated with electronic transmission, loading, and storage of location information, as well as automatic provisioning of route guidance. The '221 Patent claims do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

22. The improvements of the '221 Patent and the features recited in the claims in the '221 Patent provide improvements to conventional hardware and software systems and methods. The improvements render the claimed invention of the '221 Patent non-generic in view of conventional components.

23. The improvements of the '221 Patent and the features recitations in the claims of the '221 Patent are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

24. The '221 Patent was examined by Primary United States Patent Examiner Hua Fan. During the examination of the '221 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 709/203; 709/204; 709/231; 709/226; and 709/249.

25. After conducting a search for prior art during the examination of the '221 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 6,882,639; US 7,496,608; US 8,108,441; US 2002/0069252; US 2003/0014630; US 2003/0060264; US 2003/0061281; US 2005/0021869; US 2005/0076220; US 2006/0080452; US 2010/0217759; US 2010/0223385; US 2010/0268736; US 2010/0332456; and US 2011/0066687.

26. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '221 Patent to issue. In so doing, it is presumed that Examiner Fan used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Jen had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '221 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative

with the referenced and cited prior art. Likewise, the claims of the '221 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Fan.

27. The claims of the '221 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

28. The nominal expiration date for the claims of the '221 Patent is no earlier than November 21, 2031.

## ACCUSED INSTRUMENTALITIES

29. Upon information and belief, Defendant sells, advertises, offers for sale, uses, or otherwise provides media content storage and delivery systems and infringing services (the "Accused Instrumentalities"), which infringe at least Claim 1 of the '221 Patent.  *See* **Exhibit B**.

## COUNT ONE

### (Infringement of United States Patent No. 8,856,221)

30. Plaintiff refers to and incorporates the allegations in Paragraphs 1-29, the same as if set forth herein.

31. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, et seq.

32. Defendant has knowledge of its infringement of the '221 Patent, at least as of the service of the present complaint.

33. Accordingly, Defendant has infringed and continues to infringe, the '221 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit B**) the Accused Instrumentalities.

34. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '221 Patent, by having its employees internally test and use the Accused Instrumentalities.

35. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit B**) and references cited, constitutes actual knowledge of infringement as alleged here.

36. **Exhibit B** includes at least one chart comparing the exemplary claim 1 of the '221 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '221 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '221 Patent.

37. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit B**.

38. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

39. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

40. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.
41. A copy of the '221 Patent, titled "*System and Method for Storing Broadcast Content in a Cloud-based Computing Environment*," is attached hereto as **Exhibit A**.
42. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '221 Patent, pursuant to 35 U.S.C. § 271.
43. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '221 Patent, without license or authorization.
44. As a result of Defendant's infringement of the '221 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.
45. Plaintiff is in compliance with 35 U.S.C. § 287.
46. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '221 Patent up until the date that Defendant ceases its infringing activities.
47. Defendant had knowledge of this patent family due to prior litigation that ended on or about January 2023.
48. Plaintiff is seeking exemplary damages due to Defendant's willful infringement, pursuant to 35 U.S.C. § 284, based on its pre-suit and post filing of a complaint conduct. The Supreme Court has eliminated the objective-recklessness standard and instead, decided that "the subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was

objectively reckless." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, No. 14–1513, at 10 (June 13, 2016)

## DEMAND FOR JURY TRIAL

49. Rothschild Broadcast Distribution Systems, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity;

(e) Treble damages for willful infringement.


Dated: September 15, 2023                Respectfully Submitted,

  */s/ Randall T. Garteiser*
  Randall Garteiser
    Texas Bar No. 24038912
    rgarteiser@ghiplaw.com

>Christopher A. Honea
>   chonea@ghiplaw.com
>
>**GARTEISER HONEA, PLLC**
>119 W. Ferguson Street
>Tyler, Texas 75702
>Telephone: (903) 705-7420
>Facsimile: (903) 405-3999
>
>**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

>*/s/ Randall T. Garteiser*
>
>Randall T. Garteiser